IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOARD OF EDUCATION OF PLAINFIELD COMMUNITY CONSOLIDATED SCHOOL DISTRICT 202,<br><br>    Plaintiff/Counter-Defendant,<br><br>        v.<br><br>ILLINOIS STATE BOARD OF EDUCATION, and ARIANA W. and AMANI W., by and through their Parent and Next Friend, ANGELA W.,<br><br>  Defendants/Counter-Plaintiffs. | Case No. 13 C 2043<br><br>Hon. Harry D. Leinenweber |

**MEMORANDUM OPINION AND ORDER**

The Plaintiff, Plainfield Community Consolidated School District 202 (the "Plaintiff School District") is organized pursuant to the Illinois School Code, 105 ILCS 5/1-1, *et seq*. The Illinois State Board of Education (the "ISBE") is the state agency that establishes the procedure for resolving disputes between students, their parents, and local school districts under the Individuals With Disabilities Education Improvement Act (the "IDEA"), 20 U.S.C. § 1400, *et seq*. Angela W. is the parent of Ariana W. And Amani W., 13-year-old twins who are identified as being eligible for special education services who reside within the Plaintiff School District. The IDEA was enacted to ensure that children with disabilities are provided with free appropriate

public education in the least restrictive environment. The Act contains procedural safeguards and Section 1415(e)(2)(F)(iii) provides parents and school districts the opportunity to resolve disputes through mediation agreements that are enforceable in state or federal court.

## I.  BACKGROUND

During the 2011-2012 school year, Ariana and Amani were fifth grade students at Elim Christian School ("Elim"), a private day school serving students with disabilities. On May 17, 2012 the District convened a meeting for Ariana and Amani which resulted in an Individual Educational Placement ("IEP") at another school, John F. Kennedy Middle School ("JFK"), beginning in the fall of the 2012-2013 school year. Angela W. expressed concerns about the ability of the proposed placement to meet the children's needs and filed a request for a due process hearing in which she requested continued placement at Elim.

On July 24, 2012, a mediation session was held before a mediator appointed by the ISBE. Angela W., with an advocate on her behalf, and three school district representatives attended the mediation session. A Mediation Agreement (the "Agreement") was reached which was reduced to writing. The terms of the Agreement included the placement of the twins at JFK beginning January 7, 2013, and provided for transition steps to facilitate the change from Elim where they would continue to attend during the fall

semester of 2012. The Agreement further required Angela W. to withdraw her request for the due process hearing which she did.

The Agreement contained numerous provisions to make sure the transition between Elim and JFK occurred smoothly. The District and Angela agreed as follows:

1. Parties agree that Ariana will be placed in the same classroom with Amani at JFK beginning January 7, 2013.

2. School District agrees to provide an aide to support Ariana (2:1) during second semester of the 2012-13 school year.

3. Parties agree that Ariana shall visit JFK a number of times during the first semester at mutually agreed upon times.

4. School District agrees to provide a staff member to visit Ariana at Elim a number of times during the first semester.

5. The parties agree to work with Elim to facilitate the transition.

6. School District agrees to develop social stories in partnership with Elim to facilitate the transition.

7. School District agrees to provide a full re-evaluation after an agreed upon domain meeting.

8. School District agrees to contact the parent prior to initiating any major changes and agrees to consult with parent beginning January 7, 2013.

9. School District agrees to do an assistive technology evaluation.

10. The parties will develop a plan for parent to visit and observe the JFK classroom during

second semester, which plan will be developed prior to the start date.

11. Parties agree to meet with Elim during first semester of 2012-13 to discuss:

   - Level of support of TA necessary for academic progress at JFK;
   - Adapted equipment; and
   - Communication between parent and school.

12. Parent agrees to share information regarding Ariana's skin condition with teachers and staff.

13. During second semester of the 2012-13 school year, parties agree to meet with each other at a monthly team meeting at which reports will be submitted in lieu of attendance for those who are unable to attend.

14. The parties agree to meet after the completion of the full evaluation to develop an updated IEP. The parties project that this meeting shall take place in December 2012 and shall involve both Elim and District Staff.

15. The parent agrees to withdraw her due process request.

Generally it can be said that Angela W. was not particularly cooperative in carrying out the Agreement. Soon after the Agreement was signed, Angela W. attempted to revoke it by e-mailing statements to the mediator alleging duress and her many disagreements. She now, in these proceedings, alleges that the School District did not perform all of the actions and activities that it agreed to do at the mediation. The School District, in turn, contends that it either did all that it was required to under

the Agreement or was prevented from doing so by failure on the part of Angela W. to cooperate.

The School District in its Rule 56.1 Statement of Undisputed Material Facts set forth what it did in attempted compliance with each of the enumerated paragraphs of the Agreement.

Angela W., in her response, instead of admitting or denying a specific fact allegation as required by the Local Rules, provides *prolix* statements containing argument, additional factual allegations, and references to her Answer to the Complaint where she "neither admits or denies" certain allegations. Her responses violate Rule 56 in many ways: additional facts are not appropriate and should be disregarded, *Ciomber v. Cooperative Plus, Inc.,* 527 F.3d 635, 634-4 (7th Cir. 2008); inclusion of legal arguments is not appropriate, *Bordelon v. Chicago School Reform Bd. of Trustees,* 233 F.3d 524, 527 (7th Cir. 2000); neither admitting or denying does not constitute a denial, *Ciomber,* 527 F.3d at 644. The purpose of Rule 56 is to aid the Court in determining whether there are any material facts that are legitimately in dispute. Angela W.'s response not only does not assist the Court, but instead makes the Court's task measurably more difficult which justifies the Court's ignoring the improper responses. Accordingly, the Court accepts as not in dispute the action the School District has set forth in its 56.1 Statement in Paragraphs 19. a.-h.

On December 11, 2012, Angela W. refiled her due process request, alleging that she had been coerced into signing the Agreement under duress. To date, Angela W. has refused to enroll the twins at JFK and has kept them enrolled at Elim.

## II. DISCUSSION

### A. Motion for Summary Judgment on Count II

As a result, the School District has filed this lawsuit which seeks summary judgement on Count II of its Complaint which seeks to enforce the Mediation Agreement. Angela W. makes numerous arguments on why the Court should deny summary judgement enforcing the Agreement.

Her first argument is that the Agreement lacked consideration. However, the latest IEP issued in the Spring of 2012, removed the twins from Elim and placed them at JFK. Angela W. objected to this and filed a request for a due process hearing. The parties agreed to mediation instead and entered into a compromise whereby the twins would remain at Elim for the Fall Semester of 2012 and then be enrolled at JFK for the Spring Semester of 2013. This is certainly consideration. Angela W. seems to think that the twins were entitled to remain at Elim and thus leaving them there for the first semester could not be consideration. Consideration is anything of value that a promissor receives from the promise in return for its promise. *Restatement (Second) of Contracts,* § 81 (1979).

For her second argument she denies that she assented to the Mediation Agreement. However, the record shows that she signed them on behalf of the twins. Signing demonstrates assent. *Lynge v. Kunstmann,* 94 Ill.App.3d 689, 694 (1981).

Her third argument is that the Agreement is unenforceable because there is no release clause. Frankly, the Court does not understand this argument. Release from what?

Her fourth argument is that she signed the Agreement under duress. The only evidence she supplies in support is that she was reduced to tears during the negotiation. To invalidate an agreement on the basis of duress, a party must show that he was induced by a wrongful act or threat of another to execute an agreement under circumstances which deprived her of the exercise of free will. *Kaplan v. Keith,* 60 Ill.App.3d 804 (1st Dist. 1978). There is no such allegation here.

Her fifth argument is that the Agreement is voidable due to "mutual mistake." The alleged mutual mistake is the fact that social stories would be an effective way to facilitate the transition to a new school. The fact of the matter is that a "social story" was, in fact, obtained but was not given because there was disagreement as to whether it would be effective. Angela never did allow the children to be transferred so we cannot know what problems there would have been, if any, in transition. In addition, a mutual mistake must be as to a material fact and must

be of a fact where the parties say one thing and mean another, and it must be of a fact past or present and not of the future. *Cameron v. Bogusz,* 305 Ill.App.3d 267, 271 (1st Dist. 1999). Here there is no such allegation of a past or present fact. Basically what Angela W. is arguing is that there is disagreement as to the effectiveness of one of the provisions of the Agreement. There is no indication that the School District intended to guarantee a successful transition.

The sixth argument is that Angela W. rescinded the Agreement. There is evidence that she very quickly after signing the Agreement sought to renege. However, a contract can only be rescinded by agreement of the parties. *Kirchoff v. Rosen,* 227 Ill.App.3d 870, 899 (1st dist. 1992). Here there is no such agreement between the parties.

The seventh argument is that the School District breached the Agreement. However, the Court has previously shown that, based on the Rule 56. 1 Statements Angela W. has not been able to counter the Statement of Fact as set forth by the School District in Paragraph 19 concerning its performance. Suffice to say that there are no material breaches established by the record in this case.

The eighth argument is that the School District breached its contract with Elim to which the twins were third party beneficiaries. The Court does not see where there are any facts in

the record that would establish a breach of any agreement with Elim.

The ninth argument is that the Agreement was illegal. There is nothing illegal where a school district and a parent enter into agreement as to the student's placement. In fact, as indicated earlier in this opinion, the statute specifically authorizes mediation agreements and makes them enforceable in state or federal court. 20 U.S.C. § 1415(e)(2)(F)(iii).

The tenth and last argument is that the Agreement is void for vagueness. However, there are no allegations that any of the provisions are ambiguous. The thrust of the Agreement is that the School District, who felt that the twins could be adequately taught in a district school rather than pay a large amount of money educating them in a private school, reached a compromise with the parent by providing that the children could stay one more semester beyond what the School District thought was necessary at the private school and then transfer to a district school earlier than the parent thought was appropriate. This is indicative of a compromise. The mediation was entered into on the eve of the due process hearing where both sides presumably would be uncertain how the hearing officer would rule so each had an incentive to compromise. This is authorized by the both federal and state statutes and is encouraged.

### B. Motions to Strike

Both parties have moved to strike portions of each other's Motions. The Court has taken into account the various motions which are generally unnecessary as the parties are free to comment on the adequacy or legality of each other's statements. The Court has taken into account the various arguments raised in the Motions, so each is denied as moot.

### III. CONCLUSION

For the reasons stated herein, the School District's Motion for Partial Summary Judgement on Count II is granted. The Defendants' Motion for Partial Summary Judgment on the same Count is denied. The Plaintiff's Motion to Strike is denied as moot. The Defendants' Motion to Strike is denied as moot.

**IT IS SO ORDERED.**

                                        Harry D. Leinenweber, Judge
                                        United States District Court

Date:3/26/2014